WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Hoffman, et al., | No. CV-21-00106-TUC-JCH |
| Plaintiffs, | |
| v. | **ORDER** |
| Cincinnati Insurance Company, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Remand. (Doc. 8.) The Motion is fully briefed. (Docs. 11, 21.) As explained below, the Motion will be granted.

**I.   BACKGROUND**

On July 22, 2019, Plaintiff David Hoffman suffered a traumatic brain injury and other permanent injuries in a car accident. (Doc. 1-1 at 5 ¶¶ 13-16, 19-20; Doc. 6 at 3 ¶¶ 13-16, 19-20.) The other driver was solely at fault and had a liability insurance policy limit of $100,000. (Doc. 1-1 at 5 ¶¶ 14, 23-24; Doc. 6 at 3-4 ¶¶ 14, 23-24.) David Hoffman and his wife Molly ("Plaintiffs") were insured by The Cincinnati Insurance Company ("Cincinnati") under three insurance policies that included Underinsured Motorist ("UIM") coverage with combined policy limits of $6,000,000. (Doc. 1-1 at 4 ¶¶ 6, 12; Doc. 6 at 1, 3 ¶¶ 6, 12.)

The at-fault driver's insurance paid Plaintiffs its insured's policy limits. (Doc. 1-1 at 5 ¶ 25; Doc. 6 at 4 ¶ 25.) Plaintiffs demanded that Cincinnati pay the combined

$6,000,000 policy limits. Plaintiffs' demand was sent to Cincinnati adjuster Kathy Kerr ("Kerr"). (Doc. 1-1 at 5-6, ¶ 26; Doc. 6 at 4 ¶ 26.) Cincinnati refused Plaintiffs' demand and the parties arbitrated Plaintiffs' claim[1] at the conclusion of which Plaintiffs were awarded $2,850,000 distributed as follows: $2,750,000 to David and $100,000 to Molly. (Doc. 1-1 at 7 ¶ 45; Doc. 6 at 7 ¶ 45.)

On February 10, 2021, Plaintiffs filed suit in Arizona Superior Court, Pima County against Cincinnati and Kerr ("Defendants") alleging that Cincinnati breached its duty of good faith and fair dealing and that Kerr aided and abetted Cincinnati's breach. (Doc. 1-1 at 8-10 ¶¶ 52-62, ¶¶ 66-71.) Defendants timely removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (Doc. 1.)

Plaintiffs and Kerr are Arizona residents. (Doc. 1-1 at 3 ¶¶ 1, 3; Doc. 6 at 1 ¶ 3.) Cincinnati is an Ohio corporation with its principal place of business in Ohio. (Doc. 1-1 at 3 ¶ 2; Doc. 6 at 1 ¶ 2.) Plaintiffs' claim satisfies the amount in controversy requirement. (Doc. 1-1 at 10.) In their Notice of Removal, Defendants preemptively alleged that Kerr was fraudulently joined claiming that she was not the adjuster responsible for UIM portion of Plaintiffs' claim but that Gary Gluck ("Gluck"), an Ohio resident, was the adjustor responsible for handling the UIM portion of the claim. (Doc. 1 at 1 ¶ 2.)

## II.   PLAINTIFFS' MOTION TO REMAND

Plaintiffs move to remand arguing diversity jurisdiction is absent because Kerr participated in the UIM claim handling process and she was not fraudulently joined. (Doc. 8 at 2-3.) They argue that Kerr was the UIM claim adjustor because her actions were identical to those of a UIM claim adjustor. (Doc. 21 at 2.) Kerr testified she: (1) evaluated the loss reserve of the UIM claim; (2) was the only Cincinnati employee who spoke with Plaintiffs regarding their claim prior to Cincinnati retaining counsel; (3) was instructed to summarize David Hoffman's treatment and Plaintiffs' demand; (4) was copied on almost every email regarding the UIM claim; (5) authored every status report in the claim file, a job that is part of an adjustor's job; and (6) made the decision not to take Molly Hoffman's

---

[1] Plaintiffs' claim appears to have included a med pay claim, an auto damage claim, and the UIM claim for which Cincinnati assigned one claim number. (Doc. 21-1 at 13.)

- 2 -

statement. (Doc. 21-1 at 4, 6-8, 10, 12-13.) Kerr testified that Cincinnati did not complete an evaluation of their UIM claim because, "[t]hat was what the arbitration was for." *Id.* at 7. She was the Cincinnati representative at the arbitration of Plaintiffs' claim. *Id.* at 12.

Defendants urge that Kerr did not have "input as to any decision in how to conduct the defense at the arbitration or whether or not to settle the claim and did not provide any other assistance or encouragement with respect to the arbitration." (Doc. 11 at 3.) They argue that Kerr was only responsible for the medical payment portion of Plaintiffs' claim and that she had no responsibility for the UIM portion of the claim. *Id.* at 1-4. They insist that Gluck set the UIM reserve and supervised the handling of the UIM claim and that Kerr had no decision-making authority over the UIM claim. *Id.* at 2-3.

## III. LEGAL STANDARDS

### a. Diversity Jurisdiction

Federal district courts have diversity jurisdiction over a lawsuit where the amount in controversy exceeds $75,000 and the citizen of each plaintiff differs from that of each defendant. *See* 28 U.S.C. § 1332(a). When a civil action meets these criteria and is filed in a state court, the action may be removed to federal court. *See* 28 U.S.C. § 1441(b). An exception to the complete diversity requirement exists where a non-diverse defendant has been fraudulently joined. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

### b. Fraudulent Joinder

Fraudulent joinder exists when the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Where joinder of a non-diverse defendant is fraudulent, the case may be removed to federal district court provided that the remaining parties are completely diverse. *Morris*, 236 F.3d at 1067. There is a "strong presumption" against removal jurisdiction and the burden of establishing that removal is proper lies with the defendant; thus, all ambiguities are resolved in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

"[I]f there is a possibility that a state court would find that the complaint states a

cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)). Moreover, where the possibility remains unclear, the defendant has not met his burden to prove fraudulent joinder and remand is required. *See Ward v. Travelers Pers. Ins. Co.*, No. CV-20-01079-SPL, 2020 WL 4732153, at *2 (D. Ariz. Aug. 14, 2020).

While the standard for fraudulent joinder is similar to the analysis required for a Rule 12(b)(6) motion to dismiss for failure to state a claim based upon which relief can be granted, the two are not equivalent. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* This is because the Rule 12(b)(6) standard requires plausibility while fraudulent joinder only requires the possibility of sufficiently pleaded facts to state a claim to relief. *Compare Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (holding that to survive a 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is *plausible* on its face") *with Hunter*, 582 F.3d at 1046 (requiring remand if there is a *possibility* that a state court would find that a complaint states a cause of action against an allegedly fraudulently joined defendant) (emphasis added). "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Grancare, LLC*, 889 F.3d at 549 (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

### IV. AIDING AND ABETTING CLAIM

Under Arizona law, a claim for aiding and abetting tortious conduct requires proof that: (1) the primary tortfeasor committed a tort that caused injury to the plaintiff; (2) the defendant knew that the primary tortfeasor's conduct constituted a breach of duty; and (3) the defendant must have substantially assisted or encouraged the primary tortfeasor in achievement of the breach. *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 23 (Ariz. 2002) (en banc), as corrected

(Apr. 9, 2002). "Where an insurer delegates its claim handling responsibilities to an administrator and its adjuster, the agent, i.e., the adjuster, can be held liable for aiding and abetting an insurer's violation of the duty of good faith and fair dealing." *Whitcomb v. Twin City Fire Ins. Co.*, No. CV-20-01770-PHX-MTL, 2020 WL 6699499, at *3 (D. Ariz. Nov. 13, 2020) (quoting *Gastelo v. Wesco Ins., Co*., No. CV-18-02659-PHX-MTL, 2020 WL 1285912, at *3 (D. Ariz. Mar. 18, 2020) (internal quotations omitted)). "'Numerous cases in this [d]istrict' confirm that for an aiding and abetting claim against an insurance agent to survive, the plaintiff 'must allege some action' taken 'separate and apart from the facts giving rise' to a claim against the insurer." *Whitcomb*, 2020 WL 6699499, at *3 (quoting *Centeno v. Am. Liberty Ins. Co*., No. CV-18-01059-PHX-SMB, 2019 WL 568926, at *3 (D. Ariz. Feb. 12, 2019)).[2]

In *Whitcomb,* the plaintiff alleged the defendant insurance agent aided and abetted the insurance company in its bad faith claims handling and had additionally made "independent decisions" about the claim handling process. 2020 WL 6699499, at *3. Specifically, the plaintiff alleged that the agent made "independent decisions to hire a law firm, retain a defense oriented medical doctor and fail[ed] to pay the undisputed amount due under the policy." *Id*. District Judge Michael Liburdi found from these allegations that the state court could possibly find that the plaintiff stated a cause of action of aiding and abetting against the agent. Accordingly, the district court rejected the argument that the agent was fraudulently joined and remanded the case to state court. *Id.* at *4.

In *Haney v. ACE Am. Ins. Co.,* No. CV-13-02429-PHX-DGC, 2014 WL 1230503,

---

[2] There is also caselaw in this district noting that there are a number of state court cases that have allowed an aiding and abetting claim even where the plaintiff failed to allege a separate act by the adjuster. *See Chukly v. Amer. Fam. Mut. Ins. Co*., No. CV-17-0088-TUC-RCC (LCK), 2017 WL 5952759, at *3-4 (D. Ariz. June 7, 2017), report and recommendation adopted in full, 2017 WL 3262541, at *3 (Aug. 1, 2017) (collecting cases and finding that "…the Arizona Court of Appeals this Court have both reach divergent results in factually similar cases. Because removal jurisdiction is strictly construed and all ambiguity must be resolved in favor of remand, the Court finds remand is warranted."); *Ward*, 2020 WL 4732153, at *2 (granting motion to remand were "it remain[ed] unclear whether Plaintiff has sufficiently stated a claim for aiding and abetting [under Arizona law]"). Because this Court finds that Plaintiffs have sufficiently alleged a separate act by Kerr and thus determines that the state court could possibly find that Plaintiffs sufficiently allege an aiding and abetting claim against Kerr, the Court does not determine whether remand would also be appropriate if Plaintiffs had failed to allege a separate act by Kerr.

at *5 (D. Ariz. Mar. 25, 2014), District Judge David Campbell found the plaintiff's allegations that the defendant insurance agent "substantially assisted or encouraged [the insurer] in delaying or denying the claim without a reasonable basis" sufficiently stated a separate act by the defendant agent "which could amount to aiding and abetting." *See also*, *Gastelo v. Wesco Ins. Co.*, No. CV-18-02659-PHX-MTL, 2020 WL 1285912, at *3 (D. Ariz. Mar. 18, 2020) (denying motion to dismiss under Rule 12(b)(6) and finding that plaintiff stated a claim for aiding and abetting insurer's conduct under Arizona law where the plaintiff alleged the defendant agent "had the requisite scienter, and that through her actions and inaction she provided substantial assistance or encouragement for [the insurer's] alleged breach [of the duty of good faith and fair dealing]").

Here, Plaintiffs allege that Cincinnati breached its duty of good faith and fair dealing when it failed to evaluate and handle Plaintiffs' UIM claim in a reasonable manner and caused them to attend arbitration as a claim evaluation tool. (Doc. 1-1 at 8 ¶¶ 54-55, 57.) Plaintiffs allege that Kerr, as Cincinnati's agent, substantially assisted or encouraged Cincinnati in its breach of duty to them by ignoring important information about David Hoffman's injuries and creating errors thereby causing Cincinnati to unreasonably handle the UIM claim. *Id.* at 9-10 ¶¶ 66-68. The Court finds there is a distinction in the alleged actions of Defendants—failure to investigate and handle the claim on the part of Cincinnati versus ignoring information and causing errors on the part of Kerr. Plaintiffs also allege that Kerr aided and abetted Cincinnati's alleged breach of duty through the exercise of her independent judgement by ignoring[3] important information about David Hoffman's injuries. *Id.* at 10 ¶ 67. Kerr has admitted to making independent judgments throughout the UIM claim handling process. For example, she testified that she was asked to evaluate of the UIM loss reserve to decide if it was sufficient. (Doc. 21-1 at 4, 10.) She decided to not summarize treatment and demand after being asked to do so by Gluck. *Id.* at 6-7. She made the decision not to take Molly Hoffman's statement after the accident. *Id.* at 8.

---

[3] To ignore is an independent exercise of judgement. *See Ignore*, Black's Law Dictionary (11th ed. 2019) (defining *ignore* as "to refuse to notice, recognize, or consider"); *see also Exercise of Judgment*, Black's Law Dictionary (11th ed. 2019) (defining the phrase as "[t]he use of sound discretion").

- 6 -

In light of the foregoing, this Court finds Plaintiffs' allegation that Kerr exercised independent decision making is sufficient for the state court to possibly find that Plaintiffs have sufficiently alleged an aiding and abetting claim against Kerr.

## V. CONCLUSION

The state court could possibly find that Plaintiffs have sufficiently stated an aiding and abetting claim against Kerr based upon her alleged acts of ignoring important information and causing error, exercising independent judgement, or acting in furtherance of Cincinnati's failure to investigate the claim. Because the Court finds that the state court could possibly find that Plaintiffs have stated an aiding and abetting claim against Kerr, the Court must remand this case. *Grancare, LLC*, 889 F.3d at 548 (a federal court "must" remand the case "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants") (emphasis in *Grancare, LLC*).

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiffs' Motion to Remand (Doc. 8.) This case is remanded to the Arizona Superior Court, Pima County, Case No. C20210672. The Clerk of the Court is directed to close this case.

Dated this 25th day of October, 2021.

_____
Honorable John C. Hinderaker
United States District Judge